

Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Jessica E. Zimmerman
Associate
jzimmerman@lbcclaw.com

Writer's Direct Dial
(516) 837-7462

September 8, 2011

**_Via ECF_ and U.S. MAIL**
Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Malcolm Bey, et al. v. State of New York, et al.*
           Case No.    :    11-CV-3296 (JS) (WDW)
           Our File No.  :    11 169L 96062

Dear Judge Seybert:

        We represent defendant, Cheryl L. Kreger ("Kreger"), in the above matter and respectfully ask this Court to dismiss plaintiffs' claims against Kreger, *sua sponte*,[1] for the following reasons:

        By Order dated July 28, 2011, this Court held that *pro se* plaintiffs, Malcolm and Francique Bey ("Malcolm" and "Francique"), are without authority to represent their children in this matter. The Court further held that the claims of plaintiffs, Rein, Drizzle, Truth and Amicus Curie (the "Bey children"), shall be dismissed without prejudice unless counsel enters an appearance on their behalf within thirty days from the date of the Order. No attorney appeared on behalf of the infant plaintiffs, and the time for counsel to appear on their behalf has passed. Therefore, the only plaintiffs in this matter are Malcolm and Francique.

        In a forty-four page complaint, fifteen page "Affidavit of Truth" and forty-two page "Memorandum of Law," including voluminous exhibits, Malcolm and Francique allege sixteen causes of action against numerous Nassau County agencies, officials and employees arising from various family court proceedings involving Child Protective Services, petitions for child neglect in 2009 and 2010 and custody issues (the "Family Court Proceedings").[2] The causes of action

---

[1] *Sua sponte* dismissal is within the court's authority and a proper exercise of such authority. *See Fitzgerald v. First East Seventh St. Tenants*, 221 F.3d 362 (2d. Cir. 2000). In that case, defendants did not answer the complaint nor did they make a formal motion to dismiss, rather, they sent a letter asking the court to dismiss the action *sua sponte*, which was granted by the court. The Court of Appeals held that district courts may dismiss frivolous complaints *sua sponte* even when plaintiff has paid the required filing fee. *See also Lagana v. Dillon, et. al.*, 104 F.3d 355 (2d. Cir. 1996) (holding that the district court has the power to dismiss a complaint *sua sponte* for failure to state a claim).

include: "Human Rights Violation-Alien Tort Claims Act," "Genocide," "Kidnapping" and "War Crimes and Crimes Against Humanity."

Kreger's involvement in the Family Court Proceedings is limited to her appointment as the Bey children's Law Guardian by the Honorable Edmund M. Dane in an Order on Application for Temporary Removal of Child dated July 9, 2009. *See* Exhibit A. The only facts alleged that are specific to Kreger in the complaint are that Kreger is a "public trustee of the public trust wherein Malcolm Bey, Francique Bey and . . . [the Bey children] are beneficiaries" and that Kreger "has a fiduciary duty of settling the above styled action." Further, that Kreger also "attempt[ed] to coerce [Malcolm] Bey to sign contract with promises of freedom from court [by granting CPS authority over the Bey children for six months]" and that Kreger "seize[d] the Bey children from class, without the knowledge and consent of Malcolm Bey, interrogate[d] them about home life, question[ed] them if their dad beats them, disciplinary tactics, different scenarios and gives the children candy and bribes them with more candy and promises of a toy to give more 'evidence against their father and their home life.'"

In addition to the many other defenses available to Kreger in this action, including lack of standing, failure to state a cause of action and lack of subject-matter jurisdiction, Kreger is immune from suit and may not be sued for her actions in her capacity as Law Guardian. *See Yapi v. Kindratyeva*, 340 Fed.Appx. 683 (2d. Cir. 2009) (holding that law guardians are protected by quasi-judicial immunity); *see also Wilson v. Wilson-Polson*, 2010 WL 3733935 (S.D.N.Y. 2010); *Bluntt v. O'Connor*, 291 A.D.2d 106, 116, 737 N.Y.S.2d 471 (4th Dep't. 2002) (holding that "[m]ost courts that have considered suits by disgruntled parents against attorneys appointed by courts to protect children in custody disputes have granted, on public policy grounds, absolute quasi-judicial immunity to the attorneys for actions taken within the scope of their appointments"); *see Lewittes v. Lobis*, 164 Fed.Appx. 97 (2d. Cir. 2005) (holding that a law guardian is entitled to quasi-judicial immunity). Since Plaintiffs' claims against Kreger in this action arise from her capacity as Law Guardian, the action against her must be dismissed.

Moreover, Malcolm and Francique have no standing to sue Kreger because she represents the interests of the Bey children, not the parents, in the Family Court Proceedings. Malcolm and Francique do not have privity with Kreger. As Law Guardian, Kreger owes no duty to Malcolm or Francique. *See Bluntt, supra*. Even if the Bey children were still named plaintiffs in this action, Kreger would be immune from any action commenced on behalf of the children. *Id*. "It is well-settled that an attorney owes no fiduciary duty to a third party with whom the attorney is not

---

[2] *See* Exhibit A, the Petitions for Child Neglect filed with the Nassau County Family Court on June 8, 2009; the Order On Application For Temporary Removal Of Child issued by Hon. Edmund M. Dane and dated June 10, 2009; the Temporary Orders of Protection issued against Malcolm and Francique dated June 10, 2009; the Warrant of Arrest for Child neglect issued against Francique dated December 3, 2009; the Petitions for Child Neglect filed April 20, 2010; the Warrant of Arrest for Child Neglect issued against Malcolm and dated October 19, 2010; and the Temporary Orders of Protection issued against Malcolm dated April 27, 2010 and January 31, 2011 (with Order Directing Medical Examination Outpatient of Malcolm); and the Orders of Protection issued against Francique dated August 30, 2010 and January 31, 2011.



in privity." *Estate of Ginor v. Landsberg*, 960 F.Supp. 661, 667 (S.D.N.Y. 1996). However, to the extent there is an allegation for legal malpractice, it should be dismissed as well.[3]

Furthermore, dismissal is warranted because this Court does not have subject-matter jurisdiction over this case and this matter should be dismissed because the *Rooker-Feldman* doctrine[4] applies. There are four requirements for application of *Rooker-Feldman*: (1) the federal court plaintiff must have lost in state court; (2) plaintiff's complaint of injuries must stem from a state-court judgment; (3) plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the proceedings in district court commenced.[5] In *Formanek v. Pines*, 69 Fed. Appx. 504 (2d. Cir. 2003), the plaintiff commenced an action against a family court judge and a family court hearing examiner, among others, asserting a variety of claims relating to a family court dispute involving custody, visitation and child support payments. The district court dismissed the complaint pursuant to *Rooker-Feldman* because the plaintiff's claims challenged the validity of orders issued by the family court and were "inextricably intertwined" with the state court's determinations. *Id.* at 505. Similarly, in *Green v. Mattingly*, 585 F.3d. 97 (2d. Cir. 2009), the plaintiff mother commenced an action against city and city officials alleging that they violated the federal constitution and New York law when they successfully petitioned the family court for an order temporarily removing the child from the plaintiff's custody. The district court dismissed the plaintiff's claims regarding custody, neglect and visitation of the child because those issues were decided by the family court after providing the plaintiff a full and fair opportunity to litigate those issues.

Malcolm and Francique raise the very same issues in this action that were presented in the Family Court Proceedings. Their alleged injuries arise from the family court judgments and they challenge the validity of those judgments and now seek review by this Court. The state court judgments were rendered prior to the proceedings commenced in this action. The claims raised here are inextricably intertwined with the state court's determinations. Therefore, *Rooker-Feldman* bars these claims and this action must be dismissed because the claims were already decided by the family court.[6]

---

[3] In order to state a claim for breach of fiduciary duty, there must be a direct attorney-client relationship. The well-established rule in New York with respect to attorney malpractice is that "absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity for harm caused by professional negligence." *Council Commerce Corp. v. Schwartz, Sachs & Kamhi*, 144 A.D.2d 422, 424, 534 N.Y.S.2d 1 (2d. Dep't 1988); *see Breen v. Law Office of Bruce A. Barket, P.C.*, 52 A.D.3d 635, 862 N.Y.S.2d 50 (2d. Dep't 2008). Here, Malcolm and Francique do not have privity with Kreger.

[4] The two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923) and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983), establish that "federal district courts lack jurisdiction over matters that are, in substance, appeals from state-court judgments . . .." *Hoblock v. Albany Co. Bd. of Elections*, 422 F.3d 77 (2d. Cir. 2005).

[5] *See Hoblock* at 85.

[6] The 2009 and 2010 Neglect Petitions have been dismissed as against Malcolm and the Temporary Restraining Order issued against him has also been vacated. However, the 2009 Neglect Petition against Francique has not been dismissed against her.



Further, federal courts not only require concise pleading, but that a claim for relief must be plausible on its face.[7] Malcolm and Francique's complaint does not meet these requirements. Federal Rule of Civil Procedure, Rule 8(a)(2) requires a "short and concise statement of the claim showing that the pleader is entitled to relief . . .." *See Felton v. Walston & Co., Inc.*, 508 F.2d 577 (2d. Cir. 1974); *see Hines v. Smith*, 253 Fed. Appx. 81, 82 (2d. Cir. 2007) (The Rules require that pleadings be "simple, concise and direct."); *see Wynder v. McMahon,* 360 F.3d 73, 79 (2d. Cir. 2004) (holding that "the basic requirements of Rule 8 apply to [*pro se*] and counseled plaintiffs alike"); *see also Shabtai v. Levande*, 38 Fed. Appx. 684 (2d. Cir. 2002) (holding that the court did not abuse its discretion in granting the motion to dismiss pursuant to Rule 8). There should be no favoritism to *pro se* litigants and they are held to the same standards as litigants with counsel. "[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. IRS*, 59 F.3d 5, 8 (2d. Cir. 1995); *see Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears *pro se*.").

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), set forth the pleading requirements or "plausibility standard"[8]: "[D]etailed factual allegations" are not required. *Twombly* at 545. However, there must be sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 556; *see Iqbal* at 1949. The court must accept a complaint's allegations as true but is inapplicable to threadbare recitals of a cause of action's elements, supported only by conclusory statements. *See Twombly* at 555; *see Iqbal* at 1949. Mere conclusions are not entitled to the assumption of truth and legal conclusions must be supported by factual allegations. *See Iqbal* at 1940. Whether a complaint states a plausible claim is context-specific and requires the court to draw on its experience and common sense. *See Twombly* at 556; *see Iqbal* at 1950 (holding that a complaint stating a plausible claim for relief will survive a motion to dismiss and where the plead facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint has alleged but has not shown that plaintiff is entitled to relief). Here, there are no facts alleged which demonstrate plaintiffs are entitled to relief against Kreger. All allegations are conclusory and should not be accepted as true.

Accordingly, even construing Malcolm and Francique's complaint liberally,[9] a frivolous action, such as this, should be dismissed. Cheryl Kreger should not be required to bear the burden and expense of responding to a frivolous lawsuit, and we ask this Court to dismiss this action *sua sponte* in light of the reasons set forth above.[10]

---

[7] *See Ashcroft* v. *Iqbal,* 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009).

[8] *Harris v. Mills*, 572 F.3d 66, 22 A.D. 379 (2d. Cir. 2009).

[9] A *pro se* complaint is construed liberally by the courts. *See Harris* at 72.

[10] As per this Court's Order dated July 28, 2011, plaintiffs are required to advise the Clerk of the Court with any change of address, and failure to keep the Court informed may result in dismissal of this action. Upon information and belief, Malcolm has absconded with the Bey children and there is an arrest warrant issued against Francique in both the criminal and family courts.



      In the event the Court does not dismiss this action *sua sponte*, Kreger intends to file a pre-answer motion to dismiss on or before November 7, 2011, the date Kreger's time to respond to the complaint is due.

      Thank you for your consideration in this matter.

                              Respectfully submitted,

                              L'ABBATE, BALKAN, COLAVITA
                                & CONTINI, L.L.P.

                              Jessica E. Zimmerman

JEZ:pam



  In the event the Court does not dismiss this action *sua sponte*, Kreger intends to file a pre-answer motion to dismiss on or before November 7, 2011, the date Kreger's time to respond to the complaint is due.

  Thank you for your consideration in this matter.

          Respectfully submitted,

          L'ABBATE, BALKAN, COLAVITA
          &amp; CONTINI, L.L.P.

          */s/ Jessica Zimmerman*

          Jessica E. Zimmerman

JEZ:pam
Enclosure

cc:  **<u>Via U.S. Mail Only</u>**        **<u>Via ECF Only</u>**

   Malcolm Bey           Ralph Pernick, Esq.
   Plaintiff *pro se*          New York State Attorney General
   P.O. Box 31           Attorney for Defendants,
   Uniondale, NY 11553         State of New York,
                  Nassau County Family Court,
   Francique Bey           Edmund Dane,
   Plaintiff *pro se*          Rosalie Fitzgerald,
   P.O. Box 31           John Coppola, and
   Uniondale, NY 11553         David Sullivan

                  Liora M. Ben-Sorek, Esq.
                  Nassau County Attorney's Office
                  Attorneys for Defendants,
                    Nassau County Inc.,
                    Nassau County Child Protective Services,
                    Suzanne Leahey,
                    Elizabeth McGrath,
                    Alton Williams,
                    Kathleen Rice,
                    David Gotimer,
                    Merry-Lou Ferro, and
                    Warren Freeman

                  Matthew K. Flanagan, Esq.
                  Catalano, Gallardo & Petropoulos, LLP
                  Attorneys for Defendant,
                    Bruce Cohen



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| MALCOLM BEY, FRANCIQUE BEY, REIN BEY, DRIZZLE BEY, TRUTH BEY, AMICUS CURIAE BEY *in propria persona, sui juris*<br><br>v.<br><br>STATE OF NEW YORK, NASSAU COUNTY INC, NASSAU COUNTY FAMILY COURT, NASSAU COUNTY CHILD PROTECTIVE SERVICES, EDMUND DANE, SUZANNE LEAHEY, ELIZABETH MCGRATH, ROSALIE FITZGERALD, JOHN COPPOLA, ALTON WILLIAMS, DAVID SULLIVAN, KATHLEEN RICE, DAVID GOTIMER, BRUCE COHEN, MERRY-LOU FERRO, CHERYL KREGER, WARREN FREEMAN and JANE DOE/JOHN DOE 1-100 | Case No. 11-CV-3296 (JS)(WDW)<br><br>**AFFIDAVIT OF SERVICE** |

----------------------------------------------------------------X

STATE OF NEW YORK )
                          ss.:
COUNTY OF NASSAU )

     PATRICIA A. LAZO, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

     That on the 8th day of September, 2011, deponent served the within **LETTER and EXHIBIT** upon:

Malcolm Bey
P.O. Box 31
Uniondale, NY 11553

Francique Bey
P.O. Box 31
Uniondale, NY 11553

the pro se plaintiffs in the above matter by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                              _____
                                                 PATRICIA A. LAZO

Sworn to before me this
8th day of September, 2011.

_____
Notary Public

KAREN R. LUCERO
Notary Public, State of New York
No. 4682543
Qualified in Nassau County
Commission Expires April 30, 20__