UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MALCOLM BEY, FRANCIQUE BEY, REIN BEY,
DRIZZLE BEY, TRUTH BEY, and AMICUS
CURIAE BEY, in propia persona, sui
juris,

                        Plaintiffs,

        -against-                                      MEMORANDUM & ORDER
                                                       11-CV-3296(JS)(WDW)

STATE OF NEW YORK, NASSAU COUNTY INC.,
NASSAU COUNTY FAMILY COURT, NASSAU
COUNTY CHILD PROTECTIVE SERVICES,
EDMUND DANE, SUZANNE LEAHEY, ELIZABETH
McGRATH, ROSALIE FITZGERALD, JOHN
COPPOLA, ALTON WILLIAMS, DAVID SULLIVAN,
KATHLEEN RICE, DAVID GOTIMER, BRUCE
COHEN, MERRY-LOU FERRO, CHERYL KREGER,
WARREN FREEMAN, and JANE DOE/JOHN DOE
1-100,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:            Malcolm Bey, pro se
                           Francique Bey, pro se
                           Rein Bey, pro se
                           Drizzle Bey, pro se
                           Truth Bey, pro se
                           Amicus Curiae Bey, pro se
                           P.O. Box 31
                           Uniondale, NY 11553

For Defendants:
N.Y.S. Defendants          Ralph Pernick, Esq.
                           N.Y.S. Attorney General's Office
                           200 Old Country Road, Suite 240
                           Mineola, NY 11501

County Defendants          Liora M. Ben-Sorek, Esq.
                           Nassau County Attorney's Office
                           One West Street
                           Mineola, NY 11501

Bruce Cohen, Esq.          Adam Daniel Levine, Esq.
                          Matthew K. Flanagan, Esq.
                          Catalano, Gallardo & Petropoulous, LLP
                          100 Jericho Quadrangle, Suite 326
                          Jericho, NY 11753

Cheryl Kreger, Esq.        Jessica Zimmerman, Esq.
                          Marian C. Rice, Esq.
                          L'Abbate, Balkan, Colavita & Contini LLP
                          1001 Franklin Avenue
                          Garden City, NY 11530

SEYBERT, District Judge:

Presently pending before the Court are the following motions: (1) Plaintiff Malcolm Bey's ("Mr. Bey") motions to "set aside and vacate" this Court's Order dated July 28, 2011 (Docket Entries 19, 27); (2) Mr. Bey's motion for a default judgment (Docket Entry 39); (3) a motion to dismiss the claims against Defendants State of New York, Nassau County Family Court, Judge Edmund Dane, Judge David Sullivan, Rosalie Fitzgerald, and John Coppola (the "State Defendants") (Docket Entry 25); (4) a motion to dismiss the claims against Bruce Cohen (Docket Entry 29); and (5) motions to dismiss the claims against Cheryl Kreger (Docket Entries 18, 32).[1] For the following reasons, Mr. Bey's motions to vacate and for a default judgment are DENIED and the motions to dismiss are GRANTED (with

---

[1] There is also a motion pending at Docket Entry 23. This is not a motion, however, but rather an opposition to Plaintiffs' motion to vacate. The Clerk of the Court is directed to terminate the motion and amend the docket entry to reflect that it is a "Letter in Opposition" to Docket Entry 19.

the exception of Defendant Kreger's letter-motion at Docket Entry 18, which is DENIED AS MOOT).

<u>BACKGROUND</u>

The Plaintiffs in this action are Mr. Bey; his wife, Francique Bey ("Mrs. Bey"), and their minor children, Rein Bey, Drizzle Bey, Truth Bey, and Amicus Curiae Bey (the "Bey Children"). Mr. Bey commenced this action <u>pro se</u>, on behalf of himself, his wife, and his children against Nassau County, Inc. [sic], Nassau County Child Protective Services ("CPS"), Suzanne Leahey, Elizabeth McGrath, Alton Williams, Nassau County District Attorney Kathleen Rice, David Gotimer, Merry-Lou Ferro, and Warren Freeman (collectively, the "County Defendants"), the State Defendants, Mr. Cohen, and Ms. Kreger arising out of petitions for child neglect that were filed in Nassau County Family Court in 2009 and 2010. The Court will briefly summarize the facts as stated in the Complaint--which are presumed to be true for the purposes of this Memorandum and Order--that are relevant to the pending motions.

On or around June 4, 2009, the Bey Children were questioned at school by CPS regarding suspected child abuse occurring in the Bey home. (Compl. ¶ 26.) The Bey Children were later taken to the police station for further questioning. (Compl. ¶ 26.) Mrs. Bey was arrested, and the Bey Children returned home with their father. (Compl. ¶ 26.) The following

day, however, the Bey Children were removed from the home and placed in foster care (Compl. ¶¶ 27, 31), and on or around June 9, 2009 petitions for neglect were filed with the Family Court against Mr. and Mrs. Bey. (Compl. ¶ 31).

Shortly thereafter, CPS inspected the Bey home and, after finding it habitable for the Bey Children, returned them to their father. (Compl. ¶ 32.) A temporary restraining order was issued against Mrs. Bey, however, and she was only allowed supervised visitation with her children. (Compl. ¶ 32.) She was ordered to take parenting and anger management classes. (Compl. ¶ 34.) During this time, Mr. Bey "lost work" because he could not afford daycare, and he and his family were eventually evicted from their home. (Compl. ¶ 35.) In December 2009, the neglect petition against Mr. Bey was withdrawn. (Compl. ¶ 36.)

In April 2010, a new neglect petition was filed and a temporary restraining order issued against Mr. Bey. (Compl. ¶ 37.) During the next few months, the Bey Children were repeatedly questioned by CPS at school and visited by CPS twice a month at home. (Compl. ¶ 39.) On June 7, 2010, Mr. Bey attempted to file an "objection and counterclaim" in Family Court, but Defendant Coppola, the Family Court's Deputy Chief Clerk, refused to file it. (Compl. ¶ 40.) Mr. Bey was able to successfully file it, however, a few days later. (Compl. ¶ 41.)

Mr. Bey returned to Family Court several times during the next few months for appearances before Judge Dane related to the neglect petition. (Compl. ¶ 42.)[2] The proceedings were repeatedly adjourned, and Mr. Bey eventually told Judge Dane that he would not be returning to court. (Compl. ¶ 42.) Judge Dane warned him that failure to appear would result in a warrant being issued for his arrest. (Compl. ¶ 42.)

On October 19, 2010, Mr. Bey went to the Family Court to file papers and bumped into his court-appointed attorney, Mr. Cohen, leaving Judge Dane's chambers. (Compl. ¶ 44.) Mr. Cohen advised him that he had missed a court appearance that morning before Judge Dane and that it had been rescheduled for 2:00PM. (Compl. ¶ 44.) When Mr. Bey returned that afternoon, however, he was arrested for failing to appear that morning and incarcerated. (Compl. ¶ 44.)

In January 2011, Judge Dane extended the temporary restraining order issued against Mr. Bey and ordered that he be mentally evaluated. (Compl. ¶ 45.) Mr. Bey returned to court on March 15, 2011 for trial. CPS asked Mr. Bey to turn custody of the Bey Children over to CPS for one year, but Mr. Bey refused and his trial was adjourned to April 29, 2011. (Compl. ¶¶ 46. 48.) Around the same time, Mr. Bey requested copies of

---

[2] It appears as though Judge Dane presided over Mr. Bey's neglect proceedings. It is unclear what role, if any, Judge Sullivan had in these proceedings.

"everything in the court file." (Compl. ¶ 47.) Defendants Fitzgerald, the Family Court's Chief Clerk, and Coppola gave him some documents but not others. (Compl. ¶ 47.) Mr. Bey returned to court on April 29 and was asked to turn over custody of his children to CPS for six months, but he again refused. (Compl. ¶ 49.) His trial was adjourned to May 13, 2011. (Compl. ¶ 49.) On that date, he was again asked to give CPS custody of his children. (Compl. ¶ 50.) This time, Ms. Kreger, the Bey Children's appointed law guardian, "attempt[ed] to coerce" him to agree to it, but he again refused. (Compl. ¶ 50.) The trial was rescheduled to June 8, 2011 (Compl. ¶ 51), and on June 15, 2011, Ms. Kreger spoke with the Bey Children at school about the alleged neglect (Compl. ¶ 52).

Mr. Bey commenced this action on July 8, 2011, asserting claims for, inter alia, violations of the Constitution (e.g., due process and unreasonable search and seizure), various criminal statutes (e.g., genocide and kidnapping), international treaties and provisions of the United Nations' Charter, as well as a claim under the Alien Tort Claims Act and claims for "breech [sic] of trust and fiduciary duty," for "use of statutes[,] ordinances, rules and policies of the corporate state of New York[,] not a rule of law against indigenous man," and fraud. He is seeking monetary, declaratory, and injunctive relief. Mr. Bey simultaneously filed an application for a

temporary restraining order and preliminary injunction which was denied by this Court on July 13, 2011.[3]

On July 28, 2011, this Court entered an Order that: (1) reminded Plaintiffs that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure they had to serve process on Defendants by November 7, 2011 or their Complaint would be dismissed; (2) advised Plaintiffs of their duty to keep the Court informed of any change of address; and (3) warned Plaintiffs that the claims brought on behalf of the Bey Children would be dismissed without prejudice unless counsel entered a notice of appearance on their behalf within thirty days. (Docket Entry 7.) No counsel has filed a notice of appearance on behalf of the Bey Children to date.

Presently pending before the Court are the following: (1) Mr. Bey's motions to vacate the July 28, 2011 Order, (2) motions to dismiss filed on behalf of the State Defendants, Mr. Cohen, and Ms. Kreger, and (3) Mr. Bey's motion for a default judgment against all Defendants.[4] Plaintiffs have not opposed the motions to dismiss.

---

[3] The contents of Mr. Bey's application are incomprehensible; however, the Complaint asserts that he is seeking an order enjoining the Family Court proceeding and vacating any judgments issued to date.

[4] The County Defendants did not move to dismiss but rather answered the Complaint on November 7, 2011 and asserted cross-

Before discussing the merits of the pending motions, the Court must briefly address a threshold issue. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record . . . or, by a party personally if the party is unrepresented." Since a non-attorney, <u>pro</u> <u>se</u> party may not represent another's interests, <u>see</u> <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2d Cir. 1998), every <u>pro</u> <u>se</u> plaintiff must sign a copy of the operative complaint in order to be a party to the action, <u>see</u> <u>Lynch v. DeMarco</u>, No. 11-CV-2602, 2011 WL 3418390, at *2 (E.D.N.Y. July 29, 2011). Here, only Mr. Bey signed the Complaint; therefore, he is the only proper plaintiff in this action. If the Court does not receive a copy of the Complaint signed by Mrs. Bey within thirty (30) days of the date of this Memorandum and Order, all of her claims will be dismissed.

## I. <u>Motion to Set Aside and Vacate</u>

On September 19, 2011, Mr. Bey filed a motion requesting that the Court "take mandatory judicial notice that the order dated July 28, 2010 [sic], signed by Judge Joanna Seybert is inconsistent with Stare decisis [sic] Supreme Court

---

claims against the other defendants for indemnification and/or contribution.

Ruling [sic] <u>Winkleman v. Parma Central School District</u>, 550
U.S. 516 (2007)" and "set aside and vacate [this] void order."
(Docket Entry 19.)  Mr. Bey filed a similar (albeit less clear)
motion to "take mandatory judicial notice" and "set aside and
vacate" the July 28, 2011 Order on October 31, 2011.  (Docket
Entry 27.)  These motions are denied for three reasons.

    <u>First</u>, to the extent that Mr. Bey is seeking to vacate
a "final judgment, order, or proceeding" pursuant to Rule 60(b)
of the Federal Rules of Civil Procedure, his motion is premature
as the July 28, 2011 Order is not a "final" order for the
purposes of Rule 60(b).  See <u>Byrne v. Liquid Asphalt Sys., Inc.</u>,
250 F. Supp. 2d 84, 87 (E.D.N.Y. 2003) ("Courts have held that a
final judgment is needed to support a Rule 60(b) motion."
(citation omitted)); <u>Wanamaker v. Columbian Rope Co.</u>, 907 F.
Supp. 522, 526-27 (N.D.N.Y. 1995) (finding that an order
"dismissing some but not all of the defendants, and dismissing
some but not all of plaintiff's claims, was interlocutory and
thus not 'final' for the purposes of Rule 60(b)").

    <u>Second</u>, to the extent that Mr. Bey's motion is more
properly construed as one for reconsideration under Local Civil
Rule 6.3, his motion is time-barred.  Local Civil Rule 6.3
requires motions for reconsideration to "be served within
fourteen (14) days after the entry of the Court's determination
of the original motion."  Here, Mr. Bey waited almost two months

after the Court issued its Order to file his first motion to vacate and another six weeks to file his second motion to vacate. Thus, both motions are time-barred and are, accordingly, DENIED.[5]

Finally, Mr. Bey's argument in support of reconsideration is without merit. Mr. Bey argues that he and his wife may represent the interests of their infant children pro se. However, while a parent may bring a lawsuit on behalf of an infant child, it is well established that the parent cannot do so pro se. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (holding that a father was not allowed to bring suit on behalf of his minor daughter without representation by counsel); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 133 (2d Cir. 2009) ("The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle . . . that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel."). The Court warned Plaintiffs that the claims brought on behalf of the Bey Children would be dismissed

---

[5] Mr. Bey argues that his motion is "timely because non attorneys are not bound by the same rules as attorneys." (Docket Entry 19, at 2.) This is not true. A plaintiff's pro se status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

unless counsel filed a notice of appearance by August 27, 2011. More than a year has passed and no lawyer has appeared on behalf of the Bey Children. Accordingly, their claims are DISMISSED without prejudice.

## II.   Motion for Default Judgment

Also pending is Mr. Bey's motion for the entry of default and a default judgment against all Defendants. A party is entitled to an entry of default when the party against whom judgment is sought "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). In the present case, counsel for Defendants either filed a motion to dismiss or an answer on behalf of every Defendant (see Docket Entries 25, 29, 32, 34), and the Clerk of the Court noted this on December 7, 2011 when he refused to enter a certificate of default against Defendants (Docket Entry 44). Thus, there is no basis for entering a default judgment in this case, and Mr. Bey's motion is DENIED.

## III. Motions to Dismiss

There are three motions to dismiss pending: one filed by the State Defendants, one filed by Cheryl Kreger, and one filed by Bruce Cohen. The Court will first discuss the applicable standard of review before turning to the merits of the pending motions.

A.  Standard of Review under Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (alteration in original) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss. Id. (internal quotation marks and citation omitted). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal quotation marks and citation omitted). While pro se plaintiffs enjoy a somewhat more liberal pleading standard, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted), they must still

comport with the procedural and substantive rules of law.  Colo. Capital v. Owens, 227 F.R.D. 181, 186 (E.D.N.Y. 2005).

    B.   The State Defendants' Motion to Dismiss

    For the following reasons, the Court grants the State Defendants' motion to dismiss.

    1.   Claims against New York State and the Nassau County Family Court

    All of Mr. and Mrs. Bey's claims against the State of New York and the Nassau County Family Court are barred by sovereign immunity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  "The Eleventh Amendment to the Constitution bars suits against a state in federal court unless that state has consented to the litigation or Congress has permissibly enacted legislation specifically overriding the state's immunity." Russell v. Dunston, 896 F.2d 664, 667 (2d Cir. 1990) (citations omitted); see also Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). This bar precludes suits against states for both monetary and equitable relief.  See Edelman v. Jordan, 415 U.S. 651, 667-69, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Cory v. White, 457 U.S. 85, 90-91, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982); see also Atl. Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir.

1993). Therefore, all claims against the State of New York must be dismissed with prejudice.

The Nassau County Family Court is also immune from suit under the Eleventh Amendment because it is an arm of the State of New York. Madden v. Vt. Sup. Ct., 8 F. App'x 128, 129 (2d Cir. 2001) (finding that claims against the Vermont Supreme Court were barred by the Eleventh Amendment); Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (finding that the New York state Unified Court System, of which a county court is a part, is an "arm of the State," and therefore entitled to Eleventh Amendment immunity); Manko v. Steinhardt, No. 11-CV-5430, 2012 WL 213715, at *3 (E.D.N.Y. Jan. 24, 2012) (dismissing claim against the Kings County Supreme Court of the State of New York Clerk's Office because it was barred by Eleventh Amendment immunity as an arm of the State of New York). Accordingly, the claims against the Nassau County Family Court must also be dismissed with prejudice.

2. Claims against Judge Dane and Judge Sullivan

The claims for monetary relief against Judge Dane and Judge Sullivan must be dismissed because "[i]t is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within his or her jurisdiction," Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (citing Mireles v. Waco,

502 U.S. 9, 11–12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Maestri v. Jutkofsky, 860 F.2d 50, 52-53 (2d Cir. 1988)), and that such "immunity is not overcome by allegations of bad faith or malice," Mireles, 502 U.S. at 11 (citation omitted); see also Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."). Here, as all of the claims against Judge Dane and Judge Sullivan arise solely out of actions they allegedly took from the bench while presiding over various proceedings involving Mr. and Mrs. Bey, their alleged wrongful conduct falls squarely within the scope of absolute judicial immunity. Accordingly, all of Mr. and Mrs. Bey's claims for monetary relief are dismissed with prejudice.

Mr. and Mrs. Bey are also seeking declaratory and injunctive relief, which do not fall within the ambit of judicial immunity. These claims, however, fail as a matter of law. First, Mr. and Mrs. Bey's claims for injunctive relief under Section 1983 are barred because "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987). Further, to the extent that Mrs. Bey's constitutional claims arise out of the

ongoing Family Court proceedings, they are barred either by the _Younger_ abstention doctrine, _see_ _Diamond "D" Const. Corp. v. McGowan_, 282 F.3d 191, 198 (2d Cir. 2002) ("_Younger_ generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." (citing _Younger v. Harris_, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)); _Donkor v. N.Y.C. Human Res. Admin. Special Servs. for Children_, 673 F. Supp. 1221, 1224-27 (S.D.N.Y. 1987), or the _Rooker-Feldman_ doctrine,[6] _see_ _Phifer v. City of N.Y._, 289 F.3d 49, 57 (2d Cir. 2002) ("This court may not review the family court's determinations regarding custody, neglect and visitation" if "those issues were decided by the family court after providing [the plaintiff] with a full and fair opportunity to litigate those issues").

Second, Mr. and Mrs. Bey's claim for breach of the public's trust is not a cognizable cause of action. _See_ _Brady v. Lynes_, No. 05-CV-6540, 2008 WL 2276518, at *6 (S.D.N.Y. June 2, 2008).

---

[6] Although it appears as though the Family Court proceedings against Mrs. Bey are ongoing and the neglect petitions filed against Mr. Bey have been dismissed (Kreger Decl. ¶ 7 n.1), Mr. and Mrs. Bey are also seeking, _inter alia_, vacatur of the "judgments issued by The Family Court and Nassau County Court CPS" (Compl. at 42).

Third, their claim under the Alien Tort Claims Act fails because they are not "aliens" within the meaning of the statute. See Topo v. Dhir, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (defining "alien" in the context of the Alien Tort Claims Act as a "foreign born person who has not qualified as a citizen of the country" (internal quotation marks and citation omitted)). Mr. and Mrs. Bey assert that they are "aliens" because they have declared their independence from the United States (see Mr. Bey's Aff. in Support of Prelim. Inj. ¶ 4 ("Indigenous Affiant declares independence from the USA and all sub-corporations thereof, and heretofore, herein and hereafter claims absolute power, authority and control over himself, without limitation, and herein states, for the record, that he is a free, sovereign indigenous political power holder . . . .); see also Compl. at 1 (Mr. Bey describing himself as a "Free Indigenous Sovereign Political Power Holder"); id. at 42 (requesting a "Declaratory Judgment verifying the lawful indigenous status of The Bey Family")); however, such arguments have been uniformly rejected by courts in this Circuit and others, see, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) ("The defendant in this case apparently holds a sincere belief that he is a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts. This belief is, of course, incorrect.");

Duwenhoegger v. King, No. 10-CV-3965, 2012 WL 1516865, at *14
(D. Minn. Feb. 13, 2012) ("[A]ny argument by plaintiff that he
is not subject to the laws of Minnesota or the United States
because he is a "Sovereign Citizen" is frivolous." (collecting
cases)); M & I Marshall & Ilsley Bank v. Glavin, No. 10-CV-0616,
2011 WL 322663, at *1 (W.D. Wis. Jan. 31, 2011) ("This
'sovereign citizen' argument has been rejected repeatedly by
courts."); United States v. Lumumba, 741 F.2d 12, 14-15 (2d Cir.
1984) (rejecting criminal defendant's argument that he is immune
from prosecution due to his "proclaimed status" as "Vice
President and Minister of Justice" of the "independent state" of
"the Republic of New Afrika"--a self-created "Nation of Afrikans
born in North America as a consequence of . . . slavery"
(alteration in original)).

Fourth, any of Mr. and Mrs. Bey's claims arising under
Title 18 of the United States Code necessarily fail because
there is no private right of action under criminal statutes,
see, e.g., Sanchez v. Dankert, No. 00-CV-1143, 2002 WL 529503,
at *10-11 (S.D.N.Y. Feb. 22, 2002) (collecting cases), and there
is similarly no private right of action under international
treaties or provisions of the United Nation's Charter, see,
e.g., id. at *11; United States v. De La Pava, 268 F.3d 157, 164
(2d Cir. 2001) ("[T]here is a strong presumption against
inferring individual rights from international treaties.");

<u>Garza v. Lappin</u>, 253 F.3d 918, 924 (7th Cir. 2001) ("[A]s a general rule, international agreements, even those benefitting private parties, do not create private rights enforceable in domestic courts."); RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES, § 907 cmt. a. ("International agreements . . . generally do not create private rights or provide for a private cause of action in domestic courts . . . ."); <u>Joyner-El v. Giammarella</u>, No. 09-CV-3731, 2010 WL 1685957, at *3 n.4 (S.D.N.Y. Apr. 15, 2010) (finding that the United Nations' Universal Declaration of Human Rights and Declaration on the Rights of Indigenous Peoples do not create federal causes of action (citing <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 734, 124 S. Ct. 2739, 159 L. Ed. 2d 718 (2004))).

<u>Finally</u>, Mr. and Mrs. Bey's claim that "any Laws[,] statutes, ordinances and rules made since 1867 are unconstitutional" because Congress "ceased to exist as a lawful deliberative body" after the South seceded from the Union during the Civil War is frivolous and entirely without merit.

Accordingly, all claims against Judge Sullivan and Judge Dane are hereby dismissed with prejudice.[7]

---

[7] To the extent that Mr. and Mrs. Bey assert claims for declaratory relief arising under state law, the Court declines to extend supplemental jurisdiction, and those claims are dismissed without prejudice. <u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

3.  <u>Claims against Defendants Fitzgerald and Coppola</u>

Defendants Fitzgerald and Coppola are also entitled to immunity because it is well established that "the clerk of the court and deputy clerks are shielded by an absolute quasi-judicial immunity, particularly when they 'perform tasks that are an integral part of the judicial process.'" <u>McGann v. Lange</u>, No. 96-CV-0859, 1996 WL 586798, at *2 (E.D.N.Y. Oct. 10, 1996) (quoting <u>Mullis v. U.S. Bankr. Ct.</u>, 828 F.2d 1385, 1390 (9th Cir. 1987)); <u>see also</u> <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 66 (2d Cir. 1997) (finding that the "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is thus "a function for which judges and their supporting staff are afforded absolute immunity").  In this case, Mr. and Mrs. Bey allege that Defendant Coppola refused to file Mr. Bey's "objection and counter claim" (Compl. ¶ 40) and that Coppola and Fitzgerald did not provide him with a copy of the entire court file upon request (Compl. ¶ 47). Courts have found similar actions by court clerks to be shielded by absolute quasi-judicial immunity. <u>See, e.g.</u>, <u>Rodriguez</u>, 116 F.3d at 66 (finding that clerks were entitled to quasi-judicial immunity for, <u>inter alia</u>, refusing an inmate's request for records on appeal); <u>Pukulin v. Gonzalez</u>, No. 07-CV-0412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (finding that absolute judicial immunity extends to "the Clerk's Office['s] activities

of filing and docketing legal documents"); <u>McKnight v. Middleton</u>, 699 F. Supp. 2d 507, 525-26 (E.D.N.Y. 2010) (granting immunity to Family Court clerk for claims arising out of his failure to process the plaintiff's motions); <u>Mullis</u>, 828 F.2d at 1390 (finding that clerk was entitled to quasi-judicial immunity for, <u>inter alia</u>, refusing to file a document with the court); <u>Stewart v. Minnick</u>, 409 F.2d 826, 826 (9th Cir. 1969) (holding that quasi-judicial immunity shielded court clerk from suit arising out of his refusal to provide litigant with a portion of the trial transcript).

Accordingly, and for the reasons discussed above, all claims against Defendants Fitzgerald and Coppola are dismissed.

C.  <u>Defendant Cohen's Motion to Dismiss</u>

The only allegations in the Complaint against Defendant Cohen, who according to the Complaint was Mr. and Mrs. Bey's court-appointed attorney (Compl. ¶ 19), are that on October 19, 2010, he advised Mr. Bey that he missed a court appearance and directed him to return to court at 2:00PM (Compl. ¶ 44). Upon Mr. Bey's return to court later that day, he was arrested. (Compl. ¶ 44.) Defendant Cohen argues that the claims against him must be dismissed because: (1) the Court lacks subject matter jurisdiction, (2) he was never properly served, and (3) the Complaint fails to state a claim.

The Court finds Defendant Cohen's jurisdictional arguments to be without merit as (1) the Complaint asserts claims for violations of the United States Constitution so this Court has subject matter jurisdiction, see 28 U.S.C. § 1331, and (2) allegations of improper service, without a sworn affidavit, are insufficient to establish improper service, see United States v. Riser, No. 10-CV-4550, 2011 WL 1004566, at *3 (E.D.N.Y. Mar. 16, 2011).

However, the Court finds that Mr. and Mrs. Bey have failed to state a cognizable claim for relief against Defendant Cohen. Their claims arising under Section 1983 fail because Defendant Cohen is not a state actor. See Browdy v. Karpe, 131 F. App'x 751, 753 (2d Cir. 2005) ("[C]ourt-appointed attorneys 'performing a lawyer's traditional functions as counsel' to a defendant do not act 'under color of state law' and, therefore, are not subject to suit under 42 U.S.C. § 1983." (quoting Rodriguez, 116 F.3d at 65-66)). And to the extent that Mr. and Mrs. Bey attempt to cure this defect by conclusorily alleging that Defendant Cohen conspired with state officials, "[a] merely conclusory allegation that a private [party] acted in concert with a state actor does not suffice to state a § 1983 claim against [a] private [party]." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (citation omitted); accord Browdy, 131 F. App'x at 753.

Accordingly, all constitutional claims (and for the reasons discussed above, all other claims) against Defendant Cohen must be dismissed.

D.    Defendant Kreger's Motion to Dismiss

Mr. and Mrs. Bey's claims against Defendant Kreger arise out of her appointment as the Bey Children's law guardian. Defendant Kreger argues that the claims asserted against her must be dismissed because: (1) she is protected by quasi-judicial immunity; (2) Mr. and Mrs. Bey lack standing to assert claims against her; (3) Mr. and Mrs. Bey lack privity with her; (4) the claims are barred by the Rooker-Feldman doctrine; (5) the Complaint does not contain a short and concise statement of Plaintiffs' claims in violation of Rule 8 of the Federal Rules of Civil Procedure; and (6) the Complaint fails to state a claim upon which relief can be granted.  Because the Court finds that Defendant Kreger is protected by quasi-judicial immunity, it will not address her other arguments.

Courts in New York have consistently held that law guardians are entitled to absolute quasi-judicial immunity for actions taken within the scope of their appointment.  See Yapi v. Kondratyeva, 340 F. App'x 683, 685 (2d Cir. 2009); Dowlah v. Dowlah, No. 09-CV-2020, 2010 WL 889292, at *7 (E.D.N.Y. Mar. 10, 2010) (collecting cases); see also Bluntt v. O'Connor, 291 A.D.2d 106, 116-119, 737 N.Y.S.2d 471 (4th Dep't 2002) ("[M]ost

23

courts that have considered suits by disgruntled parents against attorneys appointed by courts to protect children in custody disputes have granted, on public policy grounds, absolute quasi-judicial immunity to the attorneys for actions taken within the scope of their appointments." (collecting cases)).

Because all of the claims against Defendant Kreger arise out of activities taken within the scope of her appointment as the Bey Children's legal guardian (<u>i.e.</u>, participating in proceedings in Family Court (Comp. ¶ 50) and interviewing the Bey Children about their parents (Compl. ¶ 53)), her actions are protected by quasi-judicial immunity. Therefore, for this reason and the reasons discussed above, the Court GRANTS her motion, and all claims against Defendant Kreger are dismissed.[8]

<u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that:

(1) The pending motions to dismiss are GRANTED (Docket Entries 25, 29, 32), and all claims (including cross-

---

[8] Defendant Kreger also filed a letter motion asking this Court to <u>sua</u> <u>sponte</u> dismiss the claims asserted against her. (Docket Entry 18.) This motion is DENIED AS MOOT.

claims) against Defendants Sullivan, Dane, Kreger, Fitzgerald, Coppola, and Cohen are DISMISSED;[9]

(2) Ms. Kreger's letter motion asking the Court to sua sponte dismiss the claims against her (Docket Entry 18) is DENIED AS MOOT;

(2) Mr. Bey's motions to vacate (Docket Entries 19, 27) are DENIED, and all claims brought on behalf of Rein, Drizzle, Truth, and Amicus Curiae Bey are DISMISSED without prejudice; and

(3) Mr. Bey's motion for a default judgment (Docket Entry 39) is DENIED; and

(4) Mrs. Bey's remaining claims will be dismissed without prejudice unless the Court receives a copy of the Complaint signed by Mrs. Bey within thirty (30) days of the date of this Memorandum and Order.

The Clerk of the Court is directed to terminate Judge Sullivan, Judge Dane, Ms. Kreger, Ms. Fitzgerald, and Mr. Cohen as Defendants and Rein, Drizzle, Truth, and Amicus Curiae Bey as Plaintiffs. The Clerk of the Court is also directed to terminate the motion at Docket Entry 23 (see supra page 2 n.2) which is not a motion but rather Defendant Cohen's opposition to Plaintiff's motion to vacate. The Clerk of the Court is further

---

[9] With the exception of any claims for declaratory judgment arising under state law, all claims are DISMISSED WITH PREJUDICE.

directed to mail a copy of this Memorandum and Order to each of the <u>pro</u> <u>se</u> Plaintiffs.

                              SO ORDERED.


                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated:      September   21   , 2012
            Central Islip, NY